May it please the court, my name is Chad Campbell. I'm here for Intel Corporation. I'm joined at council table by Joe Levy, the senior litigation attorney at Intel. I'd like to reserve three minutes for rebuttal. This case began as a securities class action. It was proposed on behalf of 600 or more former Intel shareholders. The allegation, the operative allegation in the fact that their stock would be transferred to the California Controller as unclaimed property where it would be sold out from under them automatically by operation of law. The alleged deception, as the complaint states it, deprived the class of their stock investments which then ran up in value thereafter dramatically in the hands of third party purchasers. Now the complaint asserts both federal securities claims and class claims based on California law before anything else in the case happened. Fast ends, isn't it? Excuse me? You say asserts, it's asserted, isn't it? The complaint. The complaint's gone, isn't it? The complaint has been dismissed, that is correct. With prejudice? The complaint has been dismissed with prejudice with respect to some of the claims and expressly without prejudice with respect to the claims that are subject to this appeal. The judgment that was entered in 2003 expressly provides that the claims of the named plaintiffs are dismissed with prejudice, but all claims that are asserted on behalf of the class are dismissed without prejudice. What we are seeking here by this appeal is to have that dismissal reversed and remanded so that it can be changed to a dismissal with prejudice on the basis of sleuths of preemption. Why should we reach that? When a plaintiff or when a party, a defendant, seeks to have a claim dismissed with prejudice and I think I may be a step either ahead or behind you. Okay. But let me express my concern and then you can address it. I'd be happy to hear it. The named plaintiffs in this action have had their cause of action dismissed with prejudice. That is correct. There's a claim or controversy. The U.S. Supreme Court in. I understand there's some issues you'd like us to reach, but isn't the case effectively over with the absence of a named plaintiff having a claim or controversy? No. The U.S. Supreme Court addressed that precise question in the United States Parole Commission v. Garrotti. And this Court subsequently applying the Garrotti decision has in fact addressed this kind of an issue before. When a class action is brought, there are issues not only for the named plaintiffs, but also on behalf of the class. The fact that along the way, the named plaintiff's claims become moot or decided does not necessarily moot the case or controversy with respect to the class. As the Supreme Court explained it. That may be true. But the class may get another representative. In the case of Garrotti, the Supreme Court recognized that the named plaintiff that was appearing before the court no longer had a viable claim. The court said it is a separate question whether that person would be able to represent the class as the case went on, but it did not moot the issues with respect to the class that were then up on appeal. Now, it limited, of course, the appeal in that case only to the issue of certification of the class. That is correct. But now the other side is appealing. So what do they get to do? That's you. In other words, if your opponent was now appealing, the only thing I understand under Garrotti that he could argue about would be whether a class should have been certified. Under Garrotti, that is the fact situation that was presented. Let me suggest another case that I think drives the point even further. This Court's opinion in Alaska v. Suburban Propane involved a situation where the class representative tried to get the class certified. Certification was denied. The case went forward, and ultimately the named plaintiff settled with the defendants. Then another party, a putative member of the class, sought to intervene. The case went up on the judge denied the intervention motion on two grounds, saying, number one, he didn't think a class could be certified, and number two, the case was moot because the named plaintiffs had no claims and this particular person, because his claims were time-barred, had no claims. The case went up on appeal. The Ninth Circuit affirmed the rejection of the class certification, but first said that the justiciability analysis of the district court had been mistaken, that so long as there were viable potential class claims out there, issues specific to the class could be raised on appeal, and that's what we're seeking here. There is an issue with respect to the very same class, with respect to claims that are now pending against Intel, in another case that is live. I mean, you say the very same class. There is no class. No class has been certified but the same claim. You have a class that hasn't been certified, a plaintiff's claims, named plaintiff's claims that are gone. So why should we reach out and decide? I think I understand why your client wants that. Why should we? Or stated another way, isn't it within our discretion not to reach that issue? I believe that the answer to that question is no. I think Intel has a right to have the Ninth Circuit hear this issue for the following reason. Hear or decide? Decide the issue. Of course, you're hearing us today, I understand, but to decide, to have this issue decided. Either of the two cases you just decided compel us to act, say that we have to act? The two cases that I've just cited. We should. The two cases that I've just cited to you, I believe, stand for the proposition that there is a case or controversy, that the issue is not moot. We stand as an aggrieved party in connection with this appeal. Is there pending State litigation? There is. Is that why you want us to reach this issue? It is why we want you to reach this issue. It also demonstrates why this issue is a live controversy. Is there a class in the State action? The class certification process has not yet been completed. That's underway. But you want us to decide an issue that affects a class that hasn't been certified, represented by a party that doesn't have any claims, for its collateral effect on a State court proceeding that hasn't even reached the certification issue. Do I have that about right? You don't. You're missing a couple of pieces. Let me see if I can supply you. Tell me what they are. Before this case was dismissed, plaintiff's counsel in this case represented to the court that they had additional named parties that they wanted to bring in. That happened in March of 2003. There was then subsequent litigation and counsel changed their mind. They then announced to the court that they wanted to bring those same claims in State court and asked the court to dismiss the case without prejudice. We then went in front of the district court and after some back and forth, the district court dismissed the named plaintiff's claims with prejudice, the class claims without prejudice. So what we have here is an attempt by the class representatives cooperating together to move the venue from Federal court to State court. Intel had requested before any of the named plaintiff's claims were dismissed to have the question of Slusa preemption decided in its favor so that those class claims could be dismissed with prejudice. Under this court's decision in Farmers v. McDaniel and other decisions that we've cited in our brief, when a party, a defendant, receives less than it asked for, i.e., when the claims are dismissed without prejudice, when it asks for them to be dismissed with prejudice, it becomes an aggrieved party that can then appeal to get what it asked for. What's the standard of review if we were simply looking at that question? The choice of the district court to dismiss without as opposed to with prejudice. What's the standard of review? The standard of review that applies here is de novo. Nobody is appealing from the court's decision to dismiss the named plaintiff's claims with prejudice. I understand that. But the standard of review is de novo? It is de novo. For the purposes of which choice the district court exercised about dismissal? The standard of review is de novo with respect to the ruling that we've appealed to the court. That's on the sluice issue? Correct. But on the issue of whether the district court's decision to dismiss without as opposed to with, what's the standard of review? I believe that that's also de novo. What is the party that is going to have judgment entered against it if we remand as you wish for a determination of preemption? As a technical matter, the named parties in the case would be the parties on the judgment. That's very odd. It won't have any collateral effect in the state litigation, I assume. It might be persuasive or something, but you don't have a class to be bound by collateral effects if we did what you wanted. Ian, recently the Seventh Circuit has addressed an issue like this and has come out the other way. It's the Bridgestone case that's cited in our papers. In that case, a party tried to have a class certified. The federal court went through the certification process, denied certification, and then the same lawyers found another plaintiff and filed the same claims in another venue. And there was subsequent litigation about whether the denial of certification in the first case would be binding. The issue went up to the Seventh Circuit. The Seventh Circuit concluded that the federal district court had erred by failing to enjoin that subsequent case. Now, in that circumstance, as in all applications of collateral estoppel, it's always for the second venue, the second forum, to decide what the collateral estoppel consequences are of a judgment once it's rendered. All we're asking for here is for the relief that we believe we're entitled to, and then it will be for subsequent proceedings to decide what precise effect that would have in those proceedings. But at a minimum, the precedential effect of the district court's opinion, which has been used against us in state court already, would be removed, and we would have an opportunity. Okay. You've used your time. Thank you. Good morning. William W. Palmer on behalf of plaintiffs, your honors. We're here out of respect for the court. We lost the underlying case. There's a few details that were lacking in the reply brief that I'd like to fill in for you quickly. We had a CMC conference with Judge White. He runs a very orderly courtroom. He decided, and we stipulated to certain facts so that this case would go forward on a summary judgment. There had been a 12B motion to dismiss brought on the SLUSA claim, but the parties decided to move forward on the statute of limitations timing claims, and there was a summary judgment. Had Intel wished to preserve this claim, they should have brought it in that summary judgment or at least alerted Judge White and the plaintiffs that they intended to try to move forward on the SLUSA defense. They didn't. The plaintiffs lost the statute of limitations claim. They were ruled to not be viable class representatives. It's absolutely accurate. My colleague pointed out that we did discuss bringing in other class representatives, but we discussed the case with them. They have a right to select their forum, and they chose state court. There is a live action going right now. There's a demur that's set for next Tuesday with my co-counsel and I in front of state court. The judge in that case has already heard the SLUSA argument and rejected it. They obviously have the opportunity to bring the SLUSA argument later. They have a live case. They have active class representatives. Now, in this case, there is no case of controversy. My client's lost. What I hear my colleague requesting and Intel requesting is essentially an advisory opinion or some opinion that they can then use to persuade the state court. That's it. I took note, Your Honor, if you choose to get to the SLUSA issue, I noted that I recently argued in front of the Ninth Circuit, in front of Judges Cahay, Kleinfeld, and Beezer, the I prevailed. The unclaimed property laws were found to be unconstitutional, the way they were being applied. Obviously, it's a real leap in logic to find that SLUSA, an act of Congress, could somehow immunize an unconstitutional act. So I would urge the court to look at 402, Fed 3rd, 924. It deals with Intel stock. The man in that case, Chris Lusby Taylor, was friends with Steve Tucker. They're both citizens of England. Until recently, neither of them ever set foot in the state of California. They had their stock taken from them in England, sold by the controller in the state of California and deposited in our general fund. But I suppose whether SLUSA could preempt a claim, in other words, a constitutional issue might have to be brought differently if there was preemption. I don't know that preemption, you know, obviously doesn't prevent somebody from attacking the constitutionality of the thing. What I'm toying with is, I think, one of the Seventh Circuit opinions saying that it may be even more important to preempt claims that would be successful in the absence of preemption but are not successful with preemption, that one of the purposes of preemption is to limit the kind of recovery that you can have. And so I'm not sure that your constitutional question, in Judge Kleinfeld's opinion, answers the preemption question. Respectfully, Your Honor, I brought the case to your attention so that you're aware of it. Okay. Yeah, I did read it. It's a very interesting opinion. Yeah. But it isn't a preemption opinion, of course. We appreciate your time and the opportunity to be here. Thank you. We appreciate counsel being here. The matter just argued is submitted for decision. Will the next case, Englert v. Gonzalez, is submitted on the briefs. It is so ordered. The next case is Roboca v. Gonzalez. Thank you. Good morning.
judges: Schroeder, Canby, Hawkins